IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JEREMY HICKMAN                                                                           PLAINTIFF

VERSUS                                         CIVIL ACTION NO.: 1:21cv118-HSO-JCG

CITY OF WIGGINS                                                                         DEFENDANT

## COMPLAINT
### (JURY TRIAL DEMANDED)

COME NOW, Plaintiff, Jeremy Hickman, by and through his attorney of record, Benjamin U. Bowden of BEN BOWDEN PC, in the above-styled and numbered cause, files this his complaint against the City of Wiggins and would show unto the Court as follows, to wit:

### PARTIES

1. Plaintiff, Jeremy Hickman, is an adult resident citizen of Stone County Mississippi.

2. Defendant is a subdivision of the State of Mississippi, which may be served upon its mayor, Daryl Barry, at 117 First Street N, Wiggins, MS 39577.

### JURISDICTION

3. This Court has proper jurisdiction as this claim involves a federal question filed pursuant to the Uniform Services Employment and Reemployment Rights Act, 38

-1-

U.S.C. § 4301 et seq. Furthermore, that statute provides that the term, "private employer" includes a political subdivision of a State. 38 U.S.C. § 4323 (i). Further, political subdivisions of a state do not enjoy the protections of the Eleventh Amendment. Therefore, the jurisdiction of this court is proper even though the defendant is a state subdivision. Additionally, the statute herein sued under requires no exhaustion of administrative remedies prior to bringing a court action.

## FACTS

4. Plaintiff herein was a firefighter with the City of Wiggins since 2006. In 2012 he joined the Mississippi air National Guard and has been active in same through the present. Beginning in 2012, the City, through its Fire Chief, Mayor and Board of Aldermen began harassing Plaintiff concerning his military service and continually complained of the time his military service took away from his work with the fire department. In fact, this was the subject of a City of Wiggins executive board meeting on September 16, 2014. This harassment continued until his termination on August 4, 2020. On or about July 24, 2020, Plaintiff was ordered by the Air National Guard to Annual Training (AT). This training lasted for a period of approximately 9 days. That training ended on August 3, 2020. On August 4, 2020, the Board of Aldermen met and voted to terminate Plaintiff. On that date, the Fire Chief called Plaintiff and requested a meeting with him on August 5. During that meeting, Plaintiff was informed that he will had been

terminated. The Fire Chief used a pretextual basis for Plaintiff's termination by citing an incident which occurred on July 8, 2020, several weeks prior to Plaintiff's A.T. deployment. That incident involved an allegation of excessive restraint of a patient, which was investigated by the Wiggins Police Department twice with no findings against Plaintiff. Clearly, Defendant merely used a pretextual reason to terminate Plaintiff and, in fact, the real reason was his ongoing military service and deployments.

## RELIEF

As a result of defendant's actions, Plaintiff has and continues to suffer from lost wages and employment benefits, including, but not limited to, health care and retirement benefits. Plaintiff asserts that he is entitled to reemployment with employer without penalty or discipline. Additionally, Plaintiff asserts that Defendants actions were willful and, thus, he is entitled to liquidated damages under the Act.

WHEREFORE PREMISES CONSIDERED, Plaintiff would pray that this court enter its order as follows:

1. Awarding Plaintiff lost wages and employment benefits.
2. Compelling defendant to comply with the provisions of the Uniform Employment and Reemployment Rights Act.
3. Awarding liquidated damage for Defendant's willful conduct.
4. Awarding prejudgment interest.

5. Awarding attorney's fees, litigation and court costs.

6. Awarding plaintiff such other and additional relief to which he may be entitled under the Act

*RESPECTFULLY SUBMITTED*, this the 6th day of April, 2021.

BY: _____
Benjamin U. Bowden (MSB 3733)
BEN BOWDEN, PC
8927 Lorraine Rd,
BridgeWater Commons Suite 204-B
Gulfport, Mississippi 39503
Telephone: (228) 896-5652
Facsimile: (228) 896-5689
Email: Bowden@BenBowdenLaw.com
Email: srodgers@BenBowdenLaw.com
*Attorney for Plaintiff*